Kilty, C. J.
The question to be determined, is, whether on the motion of the Attorney for the United States, judgment shall be given on the verdict of the jury. The effect of the verdict is admitted to be, that the offence was committed before the 1st Monday of December, 1800, and within one year from the presentment, so that the question will turn upon the jurisdiction of this Court, as to an offence committed within the corporation of Alexandria before the said 1st Monday of December, 1800. I think it necessary to recur to the origin of the jurisdiction of the United States within this district.
By the 8th section of the 1st article of the Constitution, Congress are empowered “ to exercise exclusive legislation in all cases whatsoever over such district, (not exceeding ten miles square,) as may, by cession of particular States, and the acceptance of Congress, become the seat of the government of the United States.”
In December, 1789, an act passed in Virginia declaring that a *53 tract of country as therein described, should be forever ceded and relinquished to the Congress and government of the United States, in full and absolute right and exclusive jurisdiction, pursuant to the 8th section of the 1st article of the Constitution of the United Slates, with a proviso that the jurisdiction of the laws of Virginia, over individuals residing within the limits of such cession, should not cease or determine until Congress, having accepted the cession, should by law provide for the government thereof.
The Congress, by an act passed in 1790, [1 Stat. at Large, 130,] did accept the cession of Virginia and Maryland, of a district as therein described, which was altered by an act passed in 1791, [1 Stat. at Large, 214,] so as to include Alexandria, and in the act of 1790, it was provided that the operation of the laws of the State within such district, should not be affected by this acceptance, until the time fixed for the removal of the government thereto, and until Congress should otherwise by law provide. The particular place for the seat of government, was afterwards established by the President’s proclamation dated the 30lh of March, 1791. I lay it down asa consequence flowing from these several public acts, that from the date of the proclamation, all the laws of Virginia then in existence, or thereafter to be made respecting persons and property, within the cession, were made subject to the future controlling power of Congress, in such manner as they might exercise it after the 1st Monday in December, 1800; and that the security of persons and rights, and the punishment of offences within the said district, were liable to the said jurisdiction of Congress under any laws to be constitutionally made.
In this situation of the inhabitants of this, district, there never was any period of time at which the law had not operation to punish offences, or at which -breaches of the laws committed, but not prosecuted, or commenced to be prosecuted, would cease to be offences, or cease to be punishable. It appears to me that when the operation of the laws was reserved in the acts of cession and acceptance, the reservation included a power in the State Courts to put those laws in execution, and therefore I have formed the opinion that the power of those courts remained complete until the 27th of February, 1801, when the act respecting the District of Columbia passed, establishing this .Court and thereby providing otherwise by law. Under the act of 1790, the Congress had no power to affect the operation of the laws of Virginia until the 1st Monday of December, 1800. They then had the power, but the operation of those laws was not affected till Congress provided otherwise bylaw. It must have occurred to the framers of those laws, that no point of time could be fixed on for the change *54 of jurisdiction, when all offences would be acted upon and tried, and when there should be no offences remaining committed and not tried.
The Courts of Virginia, while they possessed the power of trying offences, might have exercised it as expeditiously as their laws would admit, so as to leave few cases undecided. But when the jurisdiction of the United States Courts commenced, that of the Virginia Courts ceased ; for by the words “ the operation of the laws shall not be affected until the time fixed for the removal, and until Congress shall otherwise by law provide,” we must understand that when these events happened, the operation was affected. The question' arises, then, as to the manner of punishing offences committed before the removal, or the assumption, and not acted upon in any manner by the Virginia Courts. I cannot admit the supposition that such offences were to remain unpunished. To suppose that they were to be punished by the Courts of Virginia out of the District, would be to defeat the purposes for which the jurisdiction was taken, and would tend to prevent the exercise of it.
The 14th section of the act concerning the District, provides for the continuing over to this Court all actions, process, &c. depending in the Hustings Court; but the omission of an express provision does not prevent the exercise of a power which necessarily flows from the nature of the jurisdiction. I therefore consider that all offences which were committed and not tried, or in which the trial or prosecution had not commenced, are cognizable by this Court. The Congress, in providing by law for the regulation of the District, had a right to take the State laws in whole or in part. They have said that the laws of Virginia should be in force here, and they have declared that all fines accruing under these laws should be recovered in the name of the United States in this Court. I give the word accruing a very unlimited sense, and consider that the moment an offence is committed, a right accrues in the government by its courts to prosecute for the penalty provided by a prior law, and that all penalties which had not been exacted, were, by the change of jurisdiction, accruing to the United States.
Marshall, J.,
assented to the judgment, upon the grounds that the jurisdiction of the Court of Hustings, (it being but an exercise of the corporate power of the town of Alexandria,) continued notwithstanding the transfer of the jurisdiction from Virginia to the United States.
After the opinion of the Court was given, Mr. Jones moved in arrest of judgment, and assigned general errors only; and requested that his motion might be continued for argument till *55 next term. But the Court refused the continuance, and ordered the motion to be argued at this term — upon which Mr. Jones withdrew his motion. He then objected to the rendition of judgment for the penalty of $20, because the jury ought to have assessed the fine under the law of Virginia, p. 112. But the penalty being certain, and not discretionary, the Court ordered the judgment to be entered.